IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

**In re:**

| | |
|---|---|
| **CHEVERA DINIKA MCLEAN,** | **CHAPTER 13** |
| **DEBTOR.** | **CASE NO. 21-14936** |

**RESIDENTIAL CREDIT OPPORTUNITIES TRUST III,**

    **MOVANT,**

vs.

**CHEVERA DINIKA MCLEAN**
**CLINT A. MCLEAN, CODEBTOR**
**and ROBERT S. THOMAS, II, TRUSTEE,**

    **RESPONDENTS.**

**OPPOSITION TO MOTION TO ALTER OR AMEND OR IN THE ALTERNATIVE MOTION FOR RELIEF FROM JUDGMENT**

    Residential Credit Opportunities Trust III ("Respondent") hereby files this Opposition to the Motion to Alter or Amend or in the Alternative Motion for Relief from Judgment entered by this Court on October 1, 2021 (docket # 32) the "Order"

    1.    On October 1, 2021 this Court entered the Order which provided that the automatic say is modified to allow the ongoing appeals in state and federal court to proceed. The Order denied all other relief requested by the Respondent in its Motion for Relief from Stay. See Order at docket # 32.

    2.    On that same day the Debtor filed this instant Motion to Alter or Amend or in the Alternative Motion for Relief from Judgment the ("Motion")

    3.    The Motion is nothing more than a rehash of the same arguments previously asserted by the Debtor in the state court litigation which is currently subject to the appeal. *See* Exhibit F to Respondents Motion for Relief form Stay at docket # 14. Said arguments were adjudicated in Respondents favor (*See* id.) subject to the pending appeals. It is important to note that these appeals were initiated by Debtor the same party that is now attempting to stay their adjudication.

    4.    Moreover, considering the subject property, 2023 Case Road, Baltimore MD 21222 was conveyed to the Respondent by trustees deed dated October 8, 2020, almost a year prior to the firing of this bankruptcy, said property is not even part of the bankruptcy estate. *See* Exhibit A, *See also* Md. Code Ann., Real Prop. § 7-105(c) unambiguously provides that a completed foreclosure sale, a ratification of the sale by the state court, and a

File No. 77218

conveyance of the property to the purchaser operated to pass all the title which a borrower had in the property at the time of the recording of the mortgage or deed of trust. At that point, a borrower also lost the right of possession. Debtor and Codebtor were divested completely of any interest in the property before the Debtor filed her bankruptcy petition. The property is therefore not property of the estate. *Scott v. Bierman*, 429 F. App'x 225 (4th Cir. 2011).

4. For these reasons the Motion is meritless and furthermore to the extent the Court is willing to Amend its Order it should be amended to require the Debtor to post a bond to protect the Respondent's interest in the subject property considering the Order prohibits the respondent from proceeding with obtaining possession of its own property pending adjudication of the appeal.

5. The requirement of an appeal bond is appropriate consistent with the purpose of Rule 8005; its purpose is to protect the prevailing party against any loss caused by the unsuccessful attempt to reverse the court's decision on appeal. *In re Henderson*, 57 Bankr. 660, 661 (Bankr. W.D. Va. 1986).  See also *Rule* 8005 of the *Federal Rules of Bankruptcy Procedure* empowers the Bankruptcy Court to grant a stay of an Order upon the posting of a supersedeas bond "upon such terms as will protect the rights of all parties in interest." The requirement of a supersedeas bond is supported by the traditional equity practice in federal courts. *In re Pine Lake Village Apartment Co.,* 21 B.R. 395, 398 (S.D.N.Y 1982). The purpose of filing a supersedeas bond in a Bankruptcy Court is to indemnify the party prevailing in the original action against loss caused by an unsuccessful attempt to reverse the holding of the Bankruptcy Court on appeal. *Matter of Theatre Holding Corp.,* 22 B.R. 884, 885 (Bankr. S.D. NY 1982); *Crane v. Buckley,* 203 U.S. 441, 47 S. Ct. 56, 51 L. Ed. 260 (1903).

WHEREFORE, Movant prays that this Court deny the Motion to Alter or Amend or in the Alternative Motion for Relief from Judgment and for such other relief as the Court deems proper.

Dated:  October 7, 2021

/s/Daniel J. Pesachowitz
By: _____
Daniel J. Pesachowitz, Esquire, Bar No. 14930
Robert A. Jones, Esquire, Bar No. 18707
D. Carol Sasser, Esquire, Bar No. 21631
Samuel I. White, P.C.

6100 Executive Blvd.
Suite 400
Rockville, MD 20852
Tel: (301) 804-3400
Fax:(301) 838-1954
dpesachowitz@siwpc.com

## CERTIFICATE OF SERVICE

I certify that on October 7, 2021, the foregoing Opposition to Motion was served via CM/ECF on Gerard R. Vetter, Trustee, at the email address registered with the Court, and that a true copy was mailed via first class mail, postage prepaid, to Adam M. Freiman, Counsel for Debtor Chevera Dinika McLean, 115 McHenry Ave., Suite B4, Pikesville MD 21208, Chevera Dinika McLean and Clint McLean, 2023 Case Road, Baltimore MD 21222.

/s/Daniel J. Pesachowitz

Daniel J. Pesachowitz
Samuel I. White, P. C.

# EXHIBIT A

BOOK: 43710 PAGE: 466

## SUBSTITUTE TRUSTEE'S DEED

THIS SUBSTITUTE TRUSTEE'S DEED, made and entered into this __8__ day of __October__, __2020__ by and between **Christine Johnson, Substitute Trustee(s)**, party of the first part, "Grantor", Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III, party of the second part, whose address is C/O FCI Lender Services Inc, 8180 Kaiser Boulevard, Anaheim Hills, CA 92808 (to be indexed as **"Grantee"**).

WHEREAS, by Deed of Trust dated December 19, 2013 and recorded in Liber 034579, Folio 479 of the land records of Baltimore County, Maryland,; Chevera D. Brown and Clint A. McLean, mortgagor(s), conveyed the hereinafter described property to David E. Waters and Anthony B. Olmert, Sr., original trustee(s), securing payment of the sum of $317,536.00, evidenced by a deed of trust note as is more fully set forth therein; and

WHEREAS, Robert E. Frazier, Gene Jung, Laura D. Harris, Thomas W. Hodge, Thomas J. Gartner, Robert M. Oliveri, David M. Williamson and Keith M. Yacko, any one of whom being authorized to act, were appointed by a Deed of Appointment of Substitute Trustee recorded among the aforesaid land records as Substitute Trustees, with authority to exercise the power of sale conferred by the Deed of Trust to sell the hereinafter described property represented in the proceedings filed in the Circuit Court for Baltimore County, Case No. 03C16011887; and

WHEREAS, after having given notice of the time, place, manner and terms of sale by advertisement placed once a week for three successive weeks before the date of the sale and having posted bond for faithful performance of their trust, the said Substitute Trustees did sell the hereinafter described property at public auction on January 12, 2018 at the place so advertised to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III, successful bidder, for the sum of $235,000.00, it being the highest bidder thereof, and the receipt of which is hereby acknowledged by the Substitute Trustees; and

AND WHEREAS, the aforesaid sale has been duly reported to, and finally ratified and confirmed by said Court and the purchase money aforesaid has been fully paid to said Substitute Trustees, and the said Substitute Trustee(s) are authorized to execute this Deed.

NOW, THEREFORE, THIS DEED WITNESSETH: That in exercise and in pursuance of the power and authority vested in them as aforesaid, in consideration of the premises and the sum of $235,000.00, the Grantor does hereby grant and convey unto Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III, the Grantee in fee simple, all that lot of ground and premises situate and lying in Baltimore County, State of Maryland, and all the right, title, interest and estate of the parties to the aforesaid proceedings, both at law and in equity, in and to the same and described as follows, that is to say:

BOOK: 43710 PAGE: 467

BEGINNING FOR THE SAME AND BEING KNOWN AND DESIGNATED AS Lot No. 17 as shown on the plat entitled, "PLAT OF, BEAR CREEK, A RESUBDIVISION OF LOT 2, ON A PLAT ENTITLED "BEAR CREEK" PLAT REFERENCE S.M. 78, FOLIO 249" which plat is recorded among the Land Records of Baltimore County, Maryland in Plat Book JLE No. 79, folio 270.

The improvements thereon being known as 2023 Case Road, Baltimore, MD 21222.

TAX ID

**PROPERTY KNOWN AS: 2023 Case Road, Baltimore, MD 21222**

TOGETHER with the buildings and improvements thereupon; and the right, alleys, ways, waters, privileges, appurtenances and advantages to the same belonging or in anywise appertaining.

TO HAVE AND TO HOLD the said described lot of ground and premises unto and to the use of the said Grantee its successors or assigns, in fee simple.

WITNESS the hand and seal of Grantor the day and year first above written.

_____ (SEAL)
Christine Johnson
Sole acting Substitute Trustee

STATE OF ~~MARYLAND~~ North Carolina
COUNTY OF ~~_____~~ New Hanover to wit:

I hereby certify that on this __8th__ day of __October__, __2020__ before me, the undersigned officer, a Notary Public in and for the State aforesaid, personally appeared **Christine Johnson** and acknowledged the foregoing Substitute Trustee's Deed to his/her/their act.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public
My commission expires: __MAR 1, 2022__

*[Notary seal: JENNIFER MORRIS, NOTARY PUBLIC, NEW HANOVER COUNTY, NC]*

THIS IS TO CERTIFY that the within Substitute Trustee's Deed was prepared by, or under the supervision of the undersigned, an Attorney duly admitted to practice before the Court of Appeals of Maryland.

_____
Christine Johnson
Attorney

15-23746 FC01

BALTIMORE COUNTY CIRCUIT COURT (Land Records) JLE 43710, p. 0467, MSA_CE62_43567. Date available 12/04/2020. Printed 12/10/2020.